RECEIPT #
AMOUNT $ 250.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 6-27-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO:

05  11346 MEL

| | |
|---|---|
| DAVID S. BOLIVER ) | |
| Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| MBNA AMERICA ) | |
| Defendant ) | |
| ) | |

MAGISTRATE JUDGE Collings

## COMPLAINT

Now comes the Plaintiff in the above-captioned action, David Boliver, and respectfully states his complaint against the Defendant, MBNA AMERICA, as follows:

1. This is an action for actual damages, statutory damages, injunctive relief, and attorney's fees for violation of the Truth and Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z issued thereunder.

### JURISDICTION

2. Jurisdiction over this action is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337(a), and 1367.

## PARTIES

3. The Plaintiff is a natural person residing at 49 Pearl Street # 51 Everett, Massachusetts 02149.

4. The Defendant is a national bank chartered under the laws of the United States, and a business entity, with offices located at P.O. Box 15137 Wilmington, DE 19886 and doing business under the name MBNA America.

## INTRODUCTORY FACTS

5. On or about March 2003, the plaintiff entered into an open-ended credit transaction, namely the opening of a MBNA charge account, number 4313035434945051, with Defendant.

6. The above-referenced account was used primarily or exclusively for personal, family and/or household purposes.

7. The Defendant submitted periodic statements reflecting extension of credit, and costs and fees.

8. On or about January 20, 2005 the Plaintiff submitted to the Defendant a notice of billing error, pursuant to and in compliance with 12 C.F.R. § 226.13 and 15 U.S.C. § 1666.

9. The Plaintiff sent the Defendant additional billing notices each time the Defendant sent a statement with errors. This typically occurred every month. On or about

February 24, 2005, after receiving an inadequate response from the Defendant, the Plaintiff notified the Defendant the billing error(s) specified in the initial billing Error notice was still in dispute.

## FIRST CLAIM RELIEF-FAIR CREDIT BILING ACT FCBA VIOLATIONS

10. The Defendant violated 15 U.S.C. § 1666, on at least one occasion, by failing to respond to Plaintiff's billing error notice, in a manner consistent with the statutory guidelines.
11. The Defendant violated 15 U.S.C. § 1666, on at least one occasion, by failing to comply within the statutory timelines.
12. The Defendant violated U.S.C. § 1666, on at least one occasion by failing to refrain from actions prohibiting by statute, prior to complying with the FCBA.
13. The Defendant violated 15 U.S.C. § 1666(a), on at least one occasion, by failing to refrain from actions prohibited by the statute, prior to complying with the FCBA.
14. The Defendant violated 15 U.S.C. § 1666a (b), on at least one occasion by failing to report the account as "In Dispute" and at the same time notifying plaintiff of the name and address of each third to which such report was made, after receiving and additional correspondence from plaintiff in response to defendant's inadequate response to the initial billing error notice.

WHEREFORE, the Plaintiff respectfully demands judgment, pursuant to 12 C.F.R. §

226 13, 15 U.S.C. § 1640(a), 15 U.S.C. § 169(k), and 15 U.S.C. § 1666(e), against the Plaintiff, as follows:

a. reducing pursuant to U.S.C. §1666(e), Plaintiff's debt to Defendant, its successors and assigns in regards to the subject account, if any such debt exists, by the statutory forfeiture of $50;

b. as twice the financing charges in this case exceeds the statutory cap, an award to Plaintiff of the maximum statutory damages of $1000.00 available pursuant to 15 U.S.C. § 1640)a)(2) (A), for violation of 15 U.S.C. § § 1666 and 1666a;

c. an award to the Plaintiff of the cost of the action, together with a reasonable attorney's fee as determined by the court, pursuant to 15U.S.C. § 1640(a)(3); and

d. enjoining the Defendant:

    (i) to identify to Plaintiff all credit reporting agencies, persons, and entities which it has notified of Plaintiff's alleged delinquency in regard to the account;

    (ii) to notify all such agencies, person, and entities that Plaintiff was not and is not presently delinquent in regard to the account;

    (iii) to refrain forever from notifying any agency, person, or entity that Plaintiff is delinquent in regard to the account until the same shall have been determined by a court of competent jurisdiction;

(e) and such other and further relief as the Court may find to be just and proper.

DEMAND FOR TRIAL BY JURY

The Plaintiff, David S. Boliver, demands trial by jury on all issues so triable.

Respectfully Submitted
David S. Boliver
By his attorney

_____
Njoroge Kamau
BBO# 659849
54 Harley Drive, Suite 11
Worcester, MA 01606
Tel. 508-767-3900
Fax. 508-767-3990