FILED
IN CLERKS OFFICE

2005 SEP 30  A 11: 40

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID S. BOLIVER, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 05-11346-MEL |
| MBNA AMERICA BANK, N.A., ) | |
| ) | |
| Defendant ) | |
| ) | |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION COMPEL ARBITRATION AND THE ALTERNATIVE TO STAY THE PROCEEDINGS PENDING ARBITRATION.

Plaintiff hereby moves this Honorable Court to dismiss the Defendant's motion to compel arbitration, or in the alternative, to stay court proceeding pending completion of the arbitration. This motion is supported by an accompanying Memorandum of Law. Plaintiff's motion to oppose is based on the following facts:

1. Plaintiff argues that the arbitration clause in the contract is unconscionable. When the arbitration clause has provisions that defeat the remedial purpose, it is not enforceable. Bradford v. Rockwell Semiconductor System, Inc. 238 F. 3d. 549, 553 (4th Cir. 2001).

2. Plaintiff argues that the arbitration clause in the contract defeats the basic intent of the Least Sophisticated Consumer Standard because it has the effect of forcing, the Plaintiff who is unsophisticated, to arbitrate and lose his rights under the FDCPA. Additionally, Boliver further asserts, FDCPA was r enacted to protect the unsophisticated debtors from creditors and their agents (debt collectors) and not to harm them.

3. The Plaintiff argues that bringing the Plaintiff into arbitration is unfair because at the time he entered into the open-ended credit card agreement with the defendant he did not understand the credit business and how it worked.

4. The plaintiff further argues that subjecting him to arbitration to be conducted by National Arbitration Forum, a forum selected by and for the Defendant, has the effect of denying him his due process rights to a fair and impartial hearing before a neutral arbiter.

5. WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's motion to compel Plaintiff to arbitration and to stay court proceeding pending completion of arbitration and to issue an order requiring that the merits of this case be litigated and resolved by this court of competent jurisdiction.

DAVID S. BOLIVER
By his attorney,

Njoroge Kamau
46 Milton Street
Worcester, Massachusetts
Tel. (508) 767-3900
Fax: (508) 767-3990
BBO#659849

Dated: September 26, 2005

## CERTIFICATE OF SERVICE

I, Njoroge Kamau, hereby certify that I have on this 29th day of September, 2005, served a true and accurate copy of the foregoing document by certified mail on Christopher B. Zimmerman Wilmer Cutler Pickering Hale and Dorr 60 State Street Boston, MA 02109.

Njoroge Kamau