UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID S. BOLIVER,

        Plaintiff,

v.

MBNA AMERICA BANK, N.A.,

        Defendant.

Civil Action No. 05-11346-MEL

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND TO COMPEL ARBITRATION

**MBNA AMERICA BANK, N.A.**

Stephen A. Jonas (BBO #542005)
John S. Rhee (BBO #650139)
Christopher B. Zimmerman (BBO #653854)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000

Dated:   October 28, 2005

TABLE OF CONTENTS

Page

I. THIS COURT SHOULD STRIKE PLAINTIFF'S OPPOSITION AS UNTIMELY. ...................................................................................................2

II. PLAINTIFF IGNORES THIS COURT'S PRIOR DECISIONS BECAUSE THEY REQUIRE THIS COURT TO COMPEL ARBITRATION. ..............................................................................................................4

    A. This Court, And Other Courts, Have Repeatedly Upheld MBNA Cardholder Agreements And Arbitration Clauses. ....................................4

    B. Consistent With Congressional Intent And Public Policy, FCBA Claims Are Routinely Subject To Arbitration. ............................5

    C. Plaintiff's Assertions Of Unfair Or Unconscionable Conduct Are Without Merit. ..................................................................6

III. PLAINTIFF'S CONTENTIONS REGARDING THE ENFORCEABILITY OF THE ENTIRE AGREEMENT ARE, THEMSELVES, ARBITRABLE. ...................................................................................8

IV. PLAINTIFF'S RELIANCE ON THE FAIR DEBT COLLECTION PRACTICES ACT IS MISPLACED. .......................................................................9

    A. The Fair Debt Collection Practices Act And The Least Sophisticated Consumer Standard Are Irrelevant To Plaintiff's Single Claim Under The Fair Credit Billing Act. .................9

    B. The FDCPA Does Not Even Apply To MBNA. ...................................10

V. PLAINTIFF'S CONTENTION THAT THE NATIONAL ARBITRATION FORUM IS BIASED IS ENTIRELY UNSUBSTANTIATED. .....................................................................................11

TABLE OF AUTHORITIES

*Apollo Computer, Inc. v. Berg*,
    886 F.2d 469 (1st Cir. 1989)...........................................................................................8

*Arent v. Shearson/Am. Express*,
    633 F. Supp. 770 (D. Mass. 1985) ..................................................................................8

*Bank One, N.A. v. Coates*,
    125 F. Supp.2d 819 (S.D. Miss. 2001) .........................................................................11

*Battles v. Sears Nat'l Bank*,
    365 F. Supp.2d 1205 (M.D. Ala. 2005) .........................................................................5

*Blakemore v. Pekay*,
    895 F. Supp. 972 (N.D. Ill. 1995) ..................................................................................4

*Bradford v. Rockwell Semiconductor Sys.*,
    238 F.3d 549 (4th Cir. 2001) ..........................................................................................4

*Brown v. Vance*,
    637 F.2d 273 (5th Cir. 1981) ........................................................................................11

*Chase Commercial Corp. v. Owen*,
    588 N.E.2d 705 (Mass. App. Ct. 1992) ..........................................................................7

*Cook v. McLaughlin*,
    917 F. Supp. 79 (D. Mass. 1996) ...................................................................................3

*Cronin v. Comm. of Mass.*,
    No. 03-CV-11749-RGS, 2004 WL 224565 (D. Mass. Feb. 5, 2004) .......................3, 4

*DeLuca v. Bear Stearns & Co.*,
    175 F. Supp.2d 102 (D. Mass. 2001) .........................................................................5, 9

*Deo - Agbasi v. Parthenon Group*,
    229 F.R.D. 348 (D. Mass. 2005)....................................................................................3

*Edelist v. MBNA Am. Bank*,
    790 A.2d 1249 (Del. Super. 2001).................................................................................5

*Fluehmann v. Assocs. Fin. Servs.*,
    No. Civ. A. 01-40076-NMG, 2002 WL 500564 (D. Mass. Mar. 29, 2002) ................7

*Friedman v. May Dep't Stores Co.*,
    990 F. Supp. 571 (N.D. Ill. 1998) ................................................................................10

*Gilmer v. Interstate/Johnston Lane Corp.*,
   500 U.S. 20 (1991)..................................................................................................7, 11, 12

*Gipson v. Cross Country Bank*,
   294 F. Supp.2d 1251 (M.D. Ala. 2003) ...............................................................................12

*Hoefs v. CACV of Col., LLC*,
   365 F. Supp.2d 69 (D. Mass 2005) ..............................................................................4, 5, 10

*In re Currency Conversion Fee Antitrust Litig.*,
   265 F. Supp.2d 385 (S.D.N.Y. 2003)......................................................................................6

*Johnson v. West Suburban Bank*,
   225 F.3d 366 (3d Cir. 2000) ..................................................................................................12

*Kurz v. Chase Manhattan Bank USA, N.A.*,
   319 F. Supp.2d 457 (S.D.N.Y. 2004) .................................................................................5, 7

*Lloyd v. MBNA Am. Bank, N.A.*,
   No. CA 00-109-SLR, 2001 WL 194300 (D. Del. Feb. 22, 2001), aff'd, 2002 WL 21932
   (3d Cir. Jan. 7, 2002) .............................................................................................................5

*Mackey v. MBNA Am. Bank, N.A.*,
   343 F. Supp.2d 966 (W.D. Wash. 2004) ................................................................................5

*Marsh v. First USA Bank, N.A.*,
   103 F. Supp.2d 909 (N.D. Tex. 2000) ..................................................................................12

*Mattox v. Decision One Mortgage Co., LLC*,
   No. Civ. A. 01-10657-GAO, 2002 WL 31121087 (D. Mass. Sept. 26, 2002) ..........................6

*Meads v. Citicorp Credit Servs., Inc.*,
   686 F. Supp. 330 (S.D. Ga. 1988) ........................................................................................10

*Minassian v. Ogden Suffolk Downs*,
   400 Mass. 490 (1987) ............................................................................................................6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)...............................................................................................................4

*Montrosse v. Conseco Fin. Serv. Corp.*,
   No. Civ. A. 5:00-0434, 2000 WL 33775396 (S.D. W. Va. Dec. 20, 2000) ..............................7

*Nepsk, Inc. v. Town of Houlton*,
   283 F.3d 1 (1st Cir. 2002).......................................................................................................3

*Pomerlau v. W. Springfield Pub. Schs.*,
   362 F.3d 143 (1st Cir. 2004)..................................................................................................4

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967)..............................................................................................................8

*Ray v. Citibank*,
   187 F. Supp.2d 719 (W.D. Ky. 2001)................................................................................10

*Rosa v. Gaynor*,
   784 F. Supp. 1 (D. Conn. 1989).........................................................................................10

*Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith*,
   170 F.3d 1 (1st Cir. 1999)................................................................................................7, 8

*Stafford v. Cross Country Bank*,
   262 F. Supp.2d 776 (W.D. Ky. 2003)................................................................................10

*Unionmutlual Stock Life Ins. Co. v. Beneficial Life Ins. Co.*,
   774 F. 2d 524 (1st Cir. 1985)...............................................................................................8

*Vaughn v. CSC Credit Servs., Inc.*,
   No. 93-C-4151, WL 51402 (N.D. Ill. Feb. 3, 1995) ...........................................................9

*Vera v. First USA Bank, N.A.*,
   No. Civ. A. 00-89-GMS, 2001 WL 640979 (D. Del. April 19, 2001) .............................11

## STATUTES

15 U.S.C. §§ 1692-1692o ..............................................................................................................9

15 U.S.C. §§ 1692a(6) ..................................................................................................................10

15 U.S.C. §§1666-1666j .................................................................................................................9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID S. BOLIVER,

        Plaintiff,

v.

MBNA AMERICA BANK, N.A.,

        Defendant.

Civil Action No. 05-11346-MEL

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Defendant MBNA America Bank, N.A. ("MBNA") hereby submits this Reply Memorandum in support of its pending Motion to Dismiss and Compel Arbitration.

As an initial matter, pursuant to Local Rule 7.1(B)(2), this Court should strike plaintiff's opposition as untimely and grant MBNA's pending Motion. Despite receiving notice in advance of MBNA's filing and both electronic and paper service of the pending Motion, plaintiff, in violation of the Local Rules, failed to respond to the Motion for nearly one month, made no effort whatsoever to obtain an enlargement of time to respond and offered no explanation for his noncompliance.

Moreover, whether or not the Court considers plaintiff's opposition, the result must be the same — compulsion of arbitration and dismissal of the Complaint. In addition to ignoring the procedural rules, plaintiff also ignores prior controlling decisions of this Court. Plaintiff's erroneous position that his MBNA cardholder agreement is unenforceable is directly contrary to numerous decisions of this Court and other courts upholding virtually identical MBNA cardholder agreements and arbitration clauses.

1

Further, plaintiff's misplaced arguments concerning the Fair Debt Collection Practices Act, a statute that is irrelevant to his claims, and his unfounded assertions regarding the purported bias of the National Arbitration Forum ("NAF") are equally without merit.

## BACKGROUND

On September 1, 2005, MBNA's counsel conferred with plaintiff's counsel, Njoroge Kamau, pursuant to Local Rule 7.1(A)(2) and informed him that MBNA would be filing a Motion to Dismiss and Compel Arbitration the following day. MBNA subsequently electronically filed its Motion to Dismiss and Compel Arbitration and accompanying Memorandum of Law with the Court on September 2, 2005. Plaintiff's counsel is registered to receive electronic notice of all filings in this matter and was, therefore, properly served electronically on September 2, 2005.[1]

Plaintiff finally opposed the motion on September 29, 2005, nearly a month after the electronic filing of MBNA's Motion to Dismiss, and approximately two weeks after plaintiff's fourteen-day period to file an opposition had expired. Plaintiff made no effort to contact MBNA's counsel or to obtain an extension of time from the Court.

## ARGUMENT

**I.    THIS COURT SHOULD STRIKE PLAINTIFF'S OPPOSITION AS UNTIMELY.**

Local Rule 7.1(B)(2) requires oppositions to motions to be filed within fourteen (14) days. In contravention of the Local Rules, plaintiff failed to respond to MBNA's motion for twenty-seven (27) days. During that nearly one-month period, he did not seek

---

[1] MBNA also served a courtesy copy of its motion and memorandum of law by certified mail on September 2, 2005.

an extension of time from MBNA or this Court and offered no explanation for his tardiness.[2]

The Court should summarily dismiss the action in its entirety for plaintiff's failure to respond to MBNA's dispositive motion within the time period prescribed by the Local Rules:

> [I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity.

Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (upholding dismissal of Rule 12(c) motion for judgment on the pleadings where plaintiff failed to respond within time allowed under Local Rule); see also Cronin v. Comm. of Mass., No. 03-CV-11749-RGS, 2004 WL 224565, at *2 (D. Mass. Feb. 5, 2004) (denying reconsideration of dismissal where plaintiff failed to respond). Here, plaintiff has made no effort to justify his neglect. Nor do equitable concerns prevent the Court from striking plaintiff's opposition and summarily dismissing his action.

Even if the Court is not inclined to summarily dismiss this case based on plaintiff's noncompliance with the Local Rules, the Court should strike plaintiff's opposition and grant MBNA's motion on the merits. See Cook v. McLaughlin, 917 F. Supp. 79, 81 (D. Mass. 1996) (striking opposition to dismiss as untimely under L.R. 7. (B)(2) where plaintiff failed to proffer explanation for tardiness); see also Pomerlau v. W.

---

[2] Even if the Court were to consider any subsequent request for an enlargement of time to respond to MBNA's Motion to Dismiss, Fed. R. Civ. P. (6)(b)(2) explicitly provides that such an extension may be granted only "where the failure to act was the result of excusable neglect." Interpreting the identical standard under Rule 60, "the First Circuit has 'repeatedly held' busyness and confusion over filing dates by counsel to be inadequate to support a finding of excusable neglect." Deo - Agbasi v. Parthenon Group, 229 F.R.D. 348, 352 (D. Mass. 2005) (collecting cases and applying Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 US. 380, standard). Plaintiff has not even attempted to make such a showing here.

3

Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004) (dismissal of case after considering merits of unopposed Rule 12(b)(6) motion proper); Cronin, 2004 WL 224565, at *2 (sustaining dismissal where plaintiffs' claim "largely a hopeless undertaking").  For the reasons stated in MBNA's Motion and Memorandum of Law, and as further discussed herein, this Court should compel arbitration and dismiss the case.

II.   **PLAINTIFF IGNORES THIS COURT'S PRIOR DECISIONS BECAUSE THEY REQUIRE THIS COURT TO COMPEL ARBITRATION.**

   A.   **This Court, And Other Courts, Have Repeatedly Upheld MBNA Cardholder Agreements And Arbitration Clauses.**

Plaintiff ignores entirely that this Court has previously upheld the enforceability of MBNA cardholder agreements and arbitration clauses.  Diamond v. MBNA Am. Bank, NA, No. 03-30185, Slip Op. (D. Mass Oct. 27, 2003) (holding arbitration clause in MBNA credit card agreement fully enforceable);[3] Hoefs v. CACV of Col., LLC, 365 F. Supp.2d 69, 76 (D. Mass 2005) (enforcing arbitration clause in MBNA cardholder agreement).   Plaintiff's opposition does not even acknowledge those decisions.  Nor does he contend — because he cannot — that they somehow should not apply to this case.  Rather, he relies upon inapplicable cases from other jurisdictions and upon arguments previously rejected by this Court.[4]  (Pl.'s Opp'n to Def.'s Mot. to Dismiss and Compel Arbitration [hereinafter "Pl. Opp."] at 7-9, 11-12).  Like the MBNA arbitration clauses

---

[3] Relevant portions of the transcript of Judge Ponsor's ruling from the bench were attached to Plaintiff's Memorandum of Law in Support of its Motion to Compel Arbitration and Dismiss as Exhibit B.

[4] Indeed, many of the cases upon which plaintiff purports to rely support MBNA's position.  Plaintiff cites to a number of decisions actually upholding the enforceability of arbitration agreements.  See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 640 (1985) (upholding enforceability of international arbitration clause) (cited in Pl. Opp. at 12); Bradford v. Rockwell Semiconductor Sys., 238 F.3d 549, 559 (4th Cir. 2001) (upholding enforceability of arbitration agreement over objections to fee-splitting provision in the same) (cited in Pl. Opp. at 7).  Plaintiff also inexplicably relies on decisions that do not involve arbitration at all.  See § IV, *infra*; Blakemore v. Pekay, 895 F. Supp. 972, 982 (N.D. Ill. 1995) (determining proper venue for Fair Debt Collections Practices Act claim on summary judgment) (cited in Pl. Opp. at 7).

4

this Court has upheld in prior cases, plaintiff's agreement to arbitrate with MBNA is enforceable. See Diamond, No. 03-30185, Slip Op. (upholding MBNA arbitration clause over challenge to enforceability); Hoefs, 365 F. Supp.2d at 76 (finding MBNA arbitration agreement valid); see also Mackey v. MBNA Am. Bank, N.A., 343 F. Supp.2d 966, 970 (W.D. Wash. 2004) (enforcing MBNA arbitration clause over objection that there was no agreement to arbitrate); Lloyd v. MBNA Am. Bank, N.A., No. CA 00-109-SLR, 2001 WL 194300, at *4 (D. Del. Feb. 22, 2001), *aff'd*, 2002 WL 21932 (3d Cir. Jan. 7, 2002) (MBNA credit card agreement enforced); Edelist v. MBNA Am. Bank, 790 A.2d 1249, 1256 (Del. Super. 2001) (accord).

      **B.    Consistent With Congressional Intent And Public Policy, FCBA Claims Are Routinely Subject To Arbitration.**

Plaintiff's attempt to assert a misguided public policy argument ignores that courts have routinely enforced arbitration agreements in the context of Fair Credit Billing Act ("FCBA"), the same type of claim plaintiff has alleged. (Pl. Opp. at 8). See DeLuca v. Bear Stearns & Co., 175 F. Supp.2d 102, 115 (D. Mass. 2001) (no violation of public policy where statutory claim previously held subject to arbitration). Plaintiff cannot identify any legitimate public policy concern against arbitration in the instant case because nothing in the FCBA prohibits arbitration of consumer claims under the Act. See, e.g., Battles v. Sears Nat'l Bank, 365 F. Supp.2d 1205, 1216-17 (M.D. Ala. 2005) (enforcing credit card agreement arbitration clause; arbitration not inherently inconsistent with FCBA statutory scheme); Kurz v. Chase Manhattan Bank USA, N.A., 319 F. Supp.2d 457, 466 (S.D.N.Y. 2004) (compelling arbitration of FCBA claims over

enforceability objections).[5] Massachusetts law, likewise, recognizes that the mere "allocation of risk by agreement is not contrary to public policy." Minassian v. Ogden Suffolk Downs, 400 Mass. 490, 493 (1987) (enforcing contract of adhesion presented on "take or leave it basis").

### C.  Plaintiff's Assertions Of Unfair Or Unconscionable Conduct Are Without Merit.

Plaintiff's assertion that his MBNA agreement should not apply because he is an "unsophisticated consumer" at the mercy of "big[ ] corporations" is groundless. (Pl. Opp. at 9). Indeed, this Court has previously rejected such arguments in cases involving MBNA cardholder agreements. Recognizing the benefit obtained by cardholders such as plaintiff, Judge Ponsor expressly dismissed the type of unequal bargaining power argument upon which plaintiff relies:

> I understand that there is a difference in bargaining power of the two entities, but if I was to accept that as the main argument, it would simply give anyone … the right to opt out of any contractual choice of law provision on the ground that that person was in a weaker position at the time that contract was entered into.

(Def.'s Mem. in Supp. of Mot. to Dismiss and Compel Arbitration, [Hereinafter "Def. Mem."], Ex. B at 37:25-38:9).

This Court has made it clear that, regardless of any alleged inequality in bargaining power or contracts of adhesion, a plaintiff must establish that the substance of the arbitration clause was oppressive or unfair to show unconscionability. See Mattox v. Decision One Mortgage Co., LLC, No. Civ. A. 01-10657-GAO, 2002 WL 31121087, at *4 (D. Mass. Sept. 26, 2002) (arbitration clause in contract enforceable even if plaintiffs

---

[5] See also Gipson v. Cross Country Bank, 294 F. Supp.2d 1251, 1260 (M.D. Ala. 2003) (arbitration does not limit remedies available under FCBA); In re Currency Conversion Fee Antitrust Litig., 265 F. Supp.2d 385, 407-8 (S.D.N.Y. 2003) (recognizing arbitrability of Truth In Lending Act claims generally).

did not have ability to reject or negotiate where plaintiff failed to show that it would be oppressive to enforce clause); Chase Commercial Corp. v. Owen, 588 N.E.2d 705, 708 (Mass. App. Ct. 1992) (standardized form contracts enforced consistent with terms absent a showing that unconscionable, contrary to public policy or unfair).  Plaintiff does not even contend that MBNA engaged in any oppressive conduct.  Nor does he identify any other unfairness.  As a result, plaintiff's unsubstantiated arguments fail to demonstrate any unconscionability.[6]  Gilmer v. Interstate/Johnston Lane Corp., 500 U.S. 20, 33 (1991) (noting that inequality of bargaining power "is not a sufficient reason to hold that arbitration agreements are never enforceable"); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, 170 F.3d 1, 17 (1st Cir. 1999) (holding form arbitration clause enforceable under Massachusetts law where plaintiff failed to make showing of oppressiveness or unfairness).

Moreover, plaintiff's own conduct demonstrates that his contentions are baseless.  He applied to MBNA for a credit card and subsequently agreed to the terms and conditions associated with the card by repeatedly using the credit MBNA extended.  See Fluehmann v. Assocs. Fin. Servs., No. Civ. A. 01-40076-NMG, 2002 WL 500564, at *7 (D. Mass. Mar. 29, 2002) (plaintiff "cannot have it both ways, i.e. elect to secure only the benefits of the agreement at issue without likewise assuming their burdens."); Kurz, 319 F. Supp.2d at 465-66 (finding that cardholder assented to arbitration clause by using credit card).  Therefore, plaintiff entirely fails to meet his burden in challenging the

---

[6] The single case that plaintiff cites in support of his enforceability arguments involves a complaint alleging specific claims of fraud and unconscionability, presumably plead with the requisite particularity.  See Montrosse v. Conseco Fin. Serv. Corp., No. Civ. A. 5:00-0434, 2000 WL 33775396, at *1 (S.D. W. Va. Dec. 20, 2000) (cited in Pl. Opp. at 8).  In contrast, plaintiff has not alleged fraud or unconscionability and any attempt to obtain discovery in reliance on the inapposite Montrosse case must be rejected.  This Court's prior ruling in the context of MBNA cardholder agreements are dispositive.  See Diamond, No. 03-30185, Slip Op. (granting MBNA's mot. to dismiss and compelling arbitration prior to any discovery).

7

enforceability of the MBNA agreement and arbitration clause. See Rosenberg 170 F.3d at 17 ("law has long imposed a heavy burden" on plaintiff alleging unconscionability).

### III. PLAINTIFF'S CONTENTIONS REGARDING THE ENFORCEABILITY OF THE ENTIRE AGREEMENT ARE, THEMSELVES, ARBITRABLE.

Plaintiff's opposition is premised upon challenges to the enforceability of his entire agreement with MBNA. (Pl. Opp. at 8-9, 11-13). The Court need not even address plaintiff's enforceability arguments because they are properly reserved for the consideration of the arbitrator.[7] See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967) (holding that alleged fraud in inducement of entire contract within province of arbitrator); Unionmutlual Stock Life Ins. Co. v. Beneficial Life Ins. Co., 774 F. 2d 524, 529 (1st Cir. 1985) (absent a specific challenge to arbitration clause, challenges to contract as whole must be left to arbitrator). Indeed, the Arbitration Clause at issue in this case makes clear that:

> Any claim or dispute ("Claim") by either you or us against the other …, including Claims regarding *the applicability of this Arbitration and Litigation Section or the validity of the entire Agreement* …, shall be resolved by binding arbitration.

(Def. Mem., Ex. A at 23) (emphasis added).[8] Thus, such enforceability arguments concerning an entire contract are arbitrable and properly left for the consideration of the arbitrator. See Arent v. Shearson/Am. Express, 633 F. Supp. 770, 772 (D. Mass. 1985) (finding arguments that customer agreement "unenforceable as an unconsicionable

---

[7] Plaintiff makes no specific contentions concerning the enforceability of the arbitration clause apart from his arguments concerning the agreement as a whole. (Pl. Opp. at 9, 11) (analogizing to case where the "*contract* was forced upon" plaintiff) (seeking order "voiding the *Agreement*") (emphasis added).

[8] As was addressed in MBNA's Memorandum of Law, it is clear that, as a threshold matter, the parties agreed to arbitrate all disputes concerning arbitrability, including the allegations asserted in plaintiff's Opposition. (Def. Mem. at 6, n. 9) (citing Apollo Computer, Inc. v. Berg, 886 F.2d 469, 472-73 (1st Cir. 1989)).

contract of adhesion" properly "decided in the first instance by the arbitrator"); see also DeLuca 175 F. Supp.2d at 107 ("Substantive challenges to the contract as a whole must be left to the arbitrator.").

## IV. PLAINTIFF'S RELIANCE ON THE FAIR DEBT COLLECTION PRACTICES ACT IS MISPLACED.

Plaintiff mistakenly contends that the Fair Debt Collection Practices Act ("FDCPA") is somehow implicated in this matter. (Pl. Opp. at 6-8). This argument must fail both on the face of plaintiff's Complaint and under the universally accepted construction of the FDCPA itself.

### A. The Fair Debt Collection Practices Act And The Least Sophisticated Consumer Standard Are Irrelevant To Plaintiff's Single Claim Under The Fair Credit Billing Act.

The FDCPA and the "least sophisticated consumer standard" are irrelevant to this litigation because plaintiff's Complaint does not state a claim under the FDCPA and, in fact, contains no allegations regarding debt collection practices at all. Rather, his only claim is unambiguously titled "First Claim Relief [sic] – Fair Credit Billing Act FCBA Violations." (Compl. at p. 3). Plaintiff cites various provisions of the FCBA at least ten times in his Complaint. (Compl. at ¶¶ 8, 10-12 and Prayer) (citing FCBA, 15 U.S.C. §§1666-1666j). In contrast, the Complaint does not once mention the FDCPA. Compare FDCPA, 15 U.S.C. §§ 1692-1692o.

The very authority upon which plaintiff erroneously relies makes clear that the "least sophisticated consumer standard," to which plaintiff refers in his opposition, is only relevant in evaluating communications from debt collectors as part of a FDCPA action. (Pl. Opp. at 6). See Vaughn v. CSC Credit Servs., Inc., No. 93-C-4151, 1995 WL 51402, at *1 (N.D. Ill. Feb. 3, 1995) (applying unsophisticated consumer standard to

9

single FDCPA claim at summary judgment); Rosa v. Gaynor, 784 F. Supp. 1, 3 (D. Conn. 1989) (interpreting least sophisticated consumer standard in context of FDCPA action). Plaintiff has alleged no claim against MBNA to implicate either the FDCPA or the "least sophisticated consumer" standard, both of which are irrelevant to this litigation.

### B. The FDCPA Does Not Even Apply To MBNA.

The FDCPA does not even create a cause of action against creditors, such as MBNA, who are attempting to collect on their own debts. Rather, the Act explicitly exempts creditors or their corporate affiliates from the statutory definition of "debt collector." 15 U.S.C. §§ 1692a(6), 1692a(6)(B); see also Stafford v. Cross Country Bank, 262 F. Supp.2d 776, 794 (W.D. Ky. 2003) ("[T]he case law is well-settled on this point: a creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts."); Meads v. Citicorp Credit Servs., Inc., 686 F. Supp. 330, 333 (S.D. Ga. 1988) ("[A]ctual creditors – the extenders of credit or *bona fide* assignees – generally are not subject to the Act."). As a result, actions against credit card issuers who contact cardholders in their own name regarding outstanding account balances have uniformly been excluded from the reach of the FDCPA.[9] See, e.g., Ray v. Citibank, 187 F. Supp.2d 719, 722 (W.D. Ky. 2001) (granting summary judgment to card issuer under FDCPA); Friedman v. May Dep't Stores Co., 990 F. Supp. 571, 574-75 (N.D. Ill. 1998) (dismissing action against parent of credit card issuer because statute does not reach "a person collecting its own debts or the debts of an

---

[9] Moreover, it is equally undisputed that FDCPA actions properly brought against an entity that does, in fact, qualify as a "debt collector" within the meaning of the statute are subject to arbitration. See Hoefs v. CACV of Col., 365 F. Supp.2d 69, 71 (D. Mass. 2005) (compelling arbitration of FDCPA claim against debt collection agency pursuant to MBNA credit card agreement).

10

entity which is 'related by common ownership or affiliated by corporate control.'") (internal citations and references omitted).

## V.   PLAINTIFF'S CONTENTION THAT THE NATIONAL ARBITRATION FORUM IS BIASED IS ENTIRELY UNSUBSTANTIATED.

Plaintiff's arguments that the NAF is a biased forum is groundless and contrary to numerous reported decisions. Plaintiff premises his argument upon his own conclusory assertions that the "NAF is a creditor-friendly organization," "only individuals designated by the creditor become arbitrators," NAF arbitrators are paid "based solely on the number of cases they handle," and "NAF has indicated its rules provide preferential treatment for creditors." (Pl. Opp. at 9-10). He fails to provide any authority, legal or otherwise, in support of his contentions.[10]

Plaintiff ignores that courts have upheld credit card arbitration agreements and have rejected arguments regarding "pro-creditor" bias on the part of the NAF.[11] See Vera v. First USA Bank, N.A., No. Civ. A. 00-89-GMS, 2001 WL 640979, *1 (D. Del. April 19, 2001) (dismissing allegations that NAF "aligned with lenders"); Bank One, N.A. v. Coates, 125 F. Supp.2d 819, 835-36 (S.D. Miss. 2001) (holding that NAF rules "belie defendant's speculation that suspected bias by NAF has any realistic potential for affecting" NAF arbitrations); Marsh v. First USA Bank, N.A., 103 F. Supp.2d 909, 925

---

[10] Plaintiff also purports to rely upon a number of unattributed quotations in the portion of his brief concerning the NAF. (Pl. Opp. at 10, 11).

[11] As these courts recognize, the NAF rules of conduct and procedure ensure the neutrality of the arbitral forum. See NAF Code of Procedure, Rule 21A (parties to an NAF arbitrated dispute may select and appoint their own arbitrators); Arbitration Bill of Rights, available at www.arb-forum.com (individual plaintiffs equally likely to succeed as corporate plaintiffs in NAF arbitration; NAF arbitrators are independent third parties appointed and paid by the NAF). The Brown decision, to which plaintiff cites, is wholly inapposite because it involves payments directly to judges by parties to criminal and civil proceedings. (Pl. Opp. at 9). See Brown v. Vance, 637 F.2d 273, 281, 284 (5th Cir. 1981) (overturning fee-based compensation system for judges where fee paid directly contingent on number of tickets returnable to judge issued by law enforcement; civil litigants pay fee for issuance of pre-judgment levies and attachments).

(N.D. Tex. 2000) (finding credit cardholders' claims of NAF impartiality "illusory").  In addition, courts have routinely dismissed similar baseless contentions regarding purported arbitral bias.  See, e.g. Gilmer, 500 U.S. at 30 (rejecting generalized claims of arbitral bias and finding sufficient protections of due process in arbitral rules); Johnson v. West Suburban Bank, 225 F.3d 366, 374 n.2 (3d Cir. 2000) (noting that NAF rules ensure full range of remedies to credit card holders under TILA); Gipson v. Cross Country Bank, 294 F. Supp.2d 1251, 1260 n.5 (M.D. Ala. 2003) (compelling arbitration of credit card holder's FCBA claim where NAF ensures that remedies resulting from an arbitration conform to the law).

## CONCLUSION

WHEREFORE, for the foregoing reasons, MBNA respectfully requests that this Court grant the instant Motion and dismiss plaintiff's Complaint for failure to prosecute.

        MBNA AMERICA BANK, N.A.

        By its attorneys,


        __/s/ Christopher B. Zimmerman__
        Stephen A. Jonas (BBO #542005)
        John S. Rhee (BBO #650139)
        Christopher B. Zimmerman (BBO #653854)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts  02109
        (617) 526-6000

Dated:   October 28, 2005

CERTIFICATE OF SERVICE

I, Christopher B. Zimmerman, hereby certify that I have on this 28th day of October 2005, served a true and accurate copy of the foregoing document by first class mail on Njoroge Kamau, Esq., P.O. Box 60251, Worcester, MA 01606.

    /s/ Christopher B. Zimmerman
    Christopher B. Zimmerman

US1DOCS 5340585v5