**E N D O R S E M E N T**

DAVID BOLIVER v. MBNA AMERICA BANK, N.A.
05-CV-11346-MEL

LASKER, D.J.

At issue is the validity and enforceability of an arbitration provision in a credit agreement between David Boliver ("Boliver") and MBNA America Bank, N.A. ("MBNA"). MBNA has brought a Motion to Dismiss and to Compel Arbitration pursuant to the arbitration clause provided in the agreement. Boliver argues that the arbitration clause is not only unconscionable and biased, but also is barred by the standards set forth by the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

It is unnecessary to delve into a balancing of the Federal Arbitration Act ("FAA"), 9 U.S.C. §2, against the FDCPA because the FDCPA does not apply. Banks (including those that issue credit cards) or even service corporations that collect debt owed on credit cards are not "debt collectors" as defined in the FDCPA. Meads v. Citicorp Credit Services, Inc., 686 F. Supp. 330, 333-34 (S.D.Ga. 1988). See also Mendez v. Apple Bank or Sav., 541 N.Y.S.2d 920, 923 (N.Y.City Civ. Ct. 1989) (FDCPA only meant to reach those who regularly collect debts for others, not bank collecting debt owed to itself). MBNA does not fit within the FDCPA's description of a debt collector and is therefore not subject to its restrictions.

With regard to the arbitration clause at issue, Boliver's assertions that the provision is against public policy, unfair, and/or unconscionable, are groundless. Boliver has made no showing as to why upholding the arbitration clause is oppressive or unfair. See Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, 170 F.3d 1, 17 (1st Cir. 1999). Moreover, precedent seems to weigh in favor of MBNA, whose arbitration clause has been upheld numerous times, including in this district. See Hoefs v. CACV of Colo., LLC, 365 F.Supp.2d 69, 76 (D. Mass. 2005); Diamond v. MBNA Am. Bank, N.A., No.03-30185, slip op. (D. Mass. Oct. 27, 2003); Edelist v. MBNA Am. Bank., 790 A.2d 1249, 1253-54 (Del. Super. 2001); Lloyd v. MBNA Am. Bank, N.A., 2001 WL 194300, at *3-4 (D. Del. 2001). Boliver's unconscionability arguments rest on Montrosse v. Conseco Finance Servicing Corp., but that case is premised on specific provisions of the West Virginia Code. 2000 WL 33775396 at *4-5 (S.D.W.Va. 2000). MBNA's arbitration provision is nothing new and Boliver has not proffered any sound reason for its non-enforcement.

      Lastly, allegations that the National Arbitration Forum ("NAF") is not a neutral arbiter by which Boliver can be assured an impartial hearing are unsupported. NAF has been widely accepted as an unbiased forum. See <u>Marsh v. First USA Bank, N.A.</u>, 103 F.Supp.2d 909, 925 (N.D.Tex. 2000); <u>Vera v. First USA Bank, N.A.</u>, 2001 WL 640979, *1 (D.Del. 2001).

      Accordingly, MBNA's Motion to Dismiss and to Compel Arbitration is GRANTED.

      It is so ordered.


Dated:    November 7, 2005
          Boston, Massachusetts     /s/ Morris E. Lasker
                                      U.S.D.J.